IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ABDULLAHI FARAH,<br><br>                Plaintiff,<br><br>vs.<br><br>TYSON FRESH MEATS, INC.,<br><br>                Defendant. | 8:23CV417<br><br>**ORDER** |

This matter is before the Court on Defendant's motion to compel Plaintiff's discovery responses. Filing No. 26. Defendant also seeks sanctions, including attorney's fees, costs, and dismissal of the action. For the reasons stated herein, the motion to compel is granted, and Defendant is awarded attorney's fees and costs.

Defendant, Tyson Fresh Meats, Inc. ("Tyson") served discovery requests and interrogatories on Plaintiff on January 5, 2024. After Plaintiff, Abdullahi Farah, failed to respond to the requests despite Defendant's counsels' repeated emails, Tyson brought the issue to then-Magistrate Judge Bazis's attention. Judge Bazis ordered Farah to respond to the requests by April 8, 2024, and gave Tyson leave to file a motion to compel if Farah failed to do so. Farah served his discovery responses on April 12, 2024, four days late, but Tyson found them deficient in various respects, including failing to produce many documents within Farah's control and producing only documents he had previously produced. After a meet and confer on May 30, Farah's counsel agreed to supplement his responses. However, thereafter, Farah's counsel failed to respond to repeated inquiries about the updated discovery responses.

On June 7, 2024, Tyson brought the issue to the appointed special master. The special master ordered the parties to submit position statements and scheduled a

1

phone call. Farah failed to submit a position statement. On June 18, the special master held a telephone conference during which Farah's counsel admitted that his answers were inadequate, that Tyson's request were reasonable and relevant, and that he should supplement the answers as Tyson had requested.

The special master ordered Farah to produce supplemental discovery responses by July 9, 2024, and gave Tyson leave to file a motion to compel should Farah fail to comply. Tyson filed the present motion to compel on July 12, 2024, stating Farah has not produced the supplemental discovery nor provided any updates. Tyson seeks an order compelling Farah's supplemental discovery responses and sanctioning Farah by imposing attorney's fees and costs and dismissing the action. Filing No. 27. Farah has not responded to the motion to compel nor otherwise denied any of the assertions therein.

The Federal Rules of Civil Procedure require a party to respond to a written discovery request and/or interrogatory within thirty days. *See* Fed. R. Civ. P. 33(b)(2) (interrogatory); Fed. R. Civ. P. 34(b)(2)(B) (request for documents). Although the rules provide a procedure for objecting to discovery requests, here, Farah has repeatedly conceded the propriety of the requests both in his representations to opposing counsel and the Court and by his failure to respond or timely object to the requests and the present motion. *See Kan.–Neb. Natural Gas Co. v. Marathon Oil Co.*, 109 F.R.D. 12, 24 (D. Neb. 1985) ("A failure to make a timely objection to a request for production or interrogatories results in a waiver of any otherwise-valid objections."). Accordingly, there is no dispute that the responses are deficient and untimely and must be produced.

The Rules also require notice and a good-faith attempt at meeting and conferring prior to filing a motion to compel. *See* Fed. R. Civ. P. 37(a)(1). Tyson has met both requirements here, and again, Farah has not filed an opposition disagreeing. Accordingly, the Court orders Farah to produce the supplemental discovery responses on or before August 19, 2024.

Tyson also seeks an award of attorney's fees and expenses concurred in conjunction with preparing and filing the motion to compel. Under Rule 37(a):

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A)

Thus, an award of attorney's fees and costs is mandatory against the party whose conduct necessitated a motion to compel absent extenuating circumstances. None of the exceptions apply in this case. Indeed, Farah has offered no justification, let alone substantial justification, for his failure to cooperate and participate in this discovery process. Accordingly, Tyson is entitled to an award of attorney's fees and costs incurred in bringing its motion to compel.

Lastly, Tyson asks the Court to impose the sanction of dismissal. Rule 37(d) allows for dismissal as a sanction where a party fails to answer discovery. Fed. R. Civ. P. 37(d)(1)(A). Rule 37(b) similarly provides that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following: . . . (v) dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A). The Court will not order dismissal at this time but cautions Farah that further failure to comply with the Court's orders, including a failure to produce the supplemental discovery ordered herein, may result in the sanction of dismissal.

IT IS ORDERED:

1) Defendant's, Tyson Fresh Meats, Inc.'s, motion to compel, Filing No. 26, is granted. Plaintiff, Abdullahi Farah, is given until August 19, 2024, to provide its supplemental discovery responses. Should Farah fail to respond, Tyson is given leave to file a motion for sanctions including dismissal of the case on or before August 26, 2024.

2) Within 7 days from the date of this order, Tyson's counsel shall provide to Farah's counsel an itemized statement of Tyson's fees and expenses related to bringing the present motion to compel. The parties shall attempt in good faith to reach an agreement regarding the amount to be awarded by the court under Federal Rule of Civil Procedure 37(a).

3) If an agreement on attorney's fees and costs is reached, on or before August 26, the parties shall file a joint stipulation setting forth the terms of their agreement.

4) If no agreement on attorney's fees and costs is reached, Tyson's counsel is given leave to file an application for an award of fees and costs on before August 30, 2024. Farah's counsel shall have 7 days thereafter to file a response. No reply shall be filed absent leave of the Court for good cause shown.

5) Pursuant to Federal Rule of Civil Procedure 53(f) and the Order Appointing Master in this case, Filing No. 20, the parties have 21 days to object to this order. However, the filing of an objection shall not stay the deadlines set forth herein absent further order of the Court.

DATED this 7th day of August, 2024.

SIGNED:

s/ Kate O. Rahel
Appointed Special Master