IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ABDULLAHI FARAH,<br><br>    Plaintiff,<br><br>vs.<br><br>TYSON FRESH MEATS, INC.,<br><br>    Defendant. | 8:23CV417<br><br>MEMORANDUM AND ORDER |

This matter came on for hearing before the Court on November 5, 2024, on Defendant's motion for sanctions, Filing No. 30, the special master's findings and recommendation, Filing No. 45, Defendant's objection to the findings and recommendation, Filing No. 48, and Plaintiff's brief in opposition, which the Court treats as an objection to the findings and recommendation, Filing No. 49. The Court adopts the special master's findings and recommendations and finds Plaintiff in civil contempt for failing to comply with Court orders relating to the production of discovery.

I. BACKGROUND

This case has undergone a lengthy process of discovery dispute conferences, motions, and orders necessitated by Plaintiff's repeated failure to produce discovery and comply with related Court orders as set forth in greater detail in the special master's findings and recommendation. Filing No. 45 at 1–3. In short, Plaintiff has failed to adequately respond to requests for production of documents for more ten months and has ignored several Court orders, including an order compelling him to produce the requested discovery, Filing No. 29. Defendant moved for the sanction of dismissal. Filing No. 30; Fed. R. Civ. P. 37(b)(2)(A)(v). The appointed special master, to whom matters of

1

discovery and case progression were referred, Filing No. 20, found the ultimate sanction of dismissal was unwarranted because there was no evidence Plaintiff had acted deliberately or in bad faith in disregarding the Court's orders and deadlines. Filing No. 45 at 4. Instead, the special master recommended the Court hold Plaintiff or his attorney in civil contempt under Federal Rule of Civil Procedure 37(b)(2)(A)(vii) until such time as Plaintiff complied with the order to compel. Filing No. 45 at 4–5.

The Court held a hearing on November 5, 2024. Plaintiff's counsel and Defendant's counsel appeared, but Mr. Farah was not personally present. At the hearing, Plaintiff purported to have produced much of the requested discovery following the special master's findings and recommendation, but Defendant maintained Plaintiff's responses were still inadequate, in addition to untimely, and renewed its request for dismissal of the case. Following the hearing, Defendant submitted a supplement outlining what it believes to be the remaining deficiencies in Plaintiff's discovery responses. Filing No. 51.

**II.     ANALYSIS**

The Court agrees with the special master that Plaintiff, Abdullahi Farah, should be held in civil contempt for his repeated failure to comply with Court orders under Rule 37(b)(2)(A)(vii). Plaintiff may purge himself of the contempt by producing the requested discovery on or before November 22, 2024. The Court will fine Plaintiff $100 for every day that he fails to adequately produce the discovery beginning November 23, 2024.

Regarding the exact discovery Plaintiff is required to produce, the Court orders as follows:

As to Defendant's request for production number 3, Plaintiff must produce documents relating to his compensation or benefits from 2020 through the present.

As to Defendant's requests for production number 20 and 21, Plaintiff must produce his personal credit card statements. It is immaterial that Plaintiff claims he has been unable to obtain bank records because these requests seek credit card statements, not bank records.

As to Defendant's request for production number 22 pertaining to Plaintiff's travel documents, Plaintiff shall produce a copy of each stamp page of his passport along with an affidavit from him averring the pages are from his own passport. Plaintiff need not produce the data and signature pages which contain his identifying information in light of also producing the affidavit. Plaintiff shall also produce any other travel confirmation records and travel documents or explain what efforts he has undertaken to obtain such information if he claims it is unavailable.

As to Defendant's request for production number 23 Plaintiff shall produce his Snapchat location data or explain what efforts he has undertaken to obtain such information if he claims it is unavailable.

As to Defendant's request for production number 24, Plaintiff shall produce the requested data on his cellphone for the relevant time period including GPS and relevant communications regarding health conditions and FMLA leave. If Plaintiff claims he cannot produce the data, he shall permit a third-party vendor to conduct a forensic imaging of the phone at Defendant's expense. If the latter occurs, Plaintiff shall be permitted to first review the data before producing it to Defendant. However, Plaintiff will be precluded from later relying on or introducing as evidence any responsive data he does not turn over to Defendant. The full cellphone data may be reviewed in camera by the Court in the event of further discovery disputes.

As to Defendant's request for production number 26, Plaintiff shall produce records relating to his commercial driver's license or shall explain the efforts he undertook to obtain such information if he claims it is unavailable.

Finally, as to Defendant's request for production number 29, Plaintiff shall produce employment records including, but not limited to, payroll records from Northland Express, LLC, or shall explain the efforts he undertook to obtain such information if he claims it is unavailable. Accordingly,

IT IS ORDERED:

1. Defendant's motion for sanctions, Filing No. 30, is granted in part and denied in part in that the Court will hold Plaintiff in contempt, but will not dismiss the case.

2. The Court adopts the special master's findings and recommendation, Filing No. 45, and finds the Plaintiff in civil contempt for failure to comply with Court orders. Plaintiff may purge himself of the contempt by producing the requested discovery outlined herein on or before November 22, 2024. The Court will fine Plaintiff $100 for every day thereafter that he fails to adequately produce the discovery. In addition to producing the requested discovery to Defendant, Plaintiff shall file a copy of his responses on the docket. Such filing may be filed under restricted access.

3. Defendant's objection, Filing No. 48, and Plaintiff's brief in opposition, Filing No. 49, treated as an objection to the special master's findings and recommendation, are both denied.

4. A further hearing on this matter is set for Friday, December 20, 2024, at 10:00 A.M. Plaintiff, Abdullahi Farah, is ordered to personally appear at the hearing.

Dated this 6th day of November, 2024.

                                                    BY THE COURT:

                                                    s/ Joseph F. Bataillon
                                                    Senior United States District Judge